# IN THE SUPERIOR COURT

# OF THE STATE OF DELAWARE

ABRAHAM KOROTKI, SALEENA )
KOROTKI, RESERVES )
DEVELOPMENT, LLC, STL )
DEVELOPMENT LLC, ST2K, LLC, )
THE RESERVES RESORT, SPA & )
COUNTRY CLUB, LLC, and THE )
RESERVES MANAGEMENT, LLC, )
                                         )
        Plaintiffs, )
     v.                       )     C.A. No. N15C-07-164 CCLD WCC
                                           )
HILLER & ARBAN, LLC, ADAM )
HILLER, ESQ., BRIAN ARBAN, )
ESQ., SCHWARTZ & SCHWARTZ, )
ATTORNEYS AT LAW, P.A., and )
STEVEN SCHWARTZ, ESQ. )
                                           )
        Defendants. )

Submitted: February 24, 2016
Decided: July 1, 2016

**Defendants Hiller & Arban, LLC, Adam Hiller, Esquire, and
Brian Arban, Esquire's Motion to Dismiss Count V - GRANTED**

## MEMORANDUM OPINION

Anthony M. Saccullo, Esquire, Thomas H. Kovach, Esquire, A.M. Saccullo Legal, LLC, 27 Crimson King Drive, Bear, Delaware 19701. Attorneys for Plaintiffs.

David L. Braverman, Esquire, Benjamin A. Garber, Esquire, John E. Kaskey, Esquire, Braverman Kaskey, P.C., One Liberty Place, 1650 Market Street, Philadelphia, PA 19103. Attorneys for Plaintiffs.

John A. Elzufon, Esquire, Loren R. Barron, Esquire, Elzufon Austin Tarlov & Mondell, P.A., 300 Delaware Ave., Suite 1700, P.O. Box 1630, Wilmington, Delaware 19801. Attorneys for Hiller Defendants.

Paul M. Lukoff, Esquire, Andrea Schoch Brooks, Esquire, Wilks, Lukoff & Bracegirdle, LLC, 1300 North Grant Avenue, Suite 100, Wilmington, DE 19806. Attorneys for Schwartz Defendants.

**CARPENTER, J.**

Before the Court is a Motion to Dismiss filed by Defendants, Hiller & Arban, LLC ("H&A"), Adam Hiller, Esquire ("Attorney Hiller"), and Brian Arban, Esquire ("Attorney Arban") (collectively, the "Hiller Defendants"), pursuant to Delaware Superior Court Civil Rule 12(b)(6). The Hiller Defendants ask the Court to dismiss Count V of the Complaint for failure to state a claim for abuse of process. In accordance with the foregoing Opinion, the Motion is GRANTED.

## BACKGROUND

This Motion to Dismiss arises in the context of legal malpractice litigation filed against the Hiller Defendants, Schwartz & Schwartz, P.A., and Steven Schwartz, Esquire (together, "Defendants"). The plaintiffs in this matter consist of former clients Abraham Korotki ("Mr. Korotki"), Saleena Korotki ("Mrs. Korotki"), Reserves Development, LLC ("Reserves Development"), The Reserves Resort, Spa & Country Club, LLC ("Reserves Resort"), The Reserves Management, LLC ("Reserves Management"), STL Development LLC ("STL"), and ST2K, LLC ("ST2K") ( collectively, "Plaintiffs").[1] The malpractice suit relates to the advice and representation Defendants collectively provided in

---

[1] At all material times, Mr. Korotki was the sole member of the Reserves entities and Mrs. Korotki was the sole member of STL and ST2K. Pls.' Compl. ¶¶ 4-11.

3

connection with Mr. Korotki and Reserve Resort's December 2012 bankruptcy filings.[2] The facts relevant to this Motion are as follows.

In 2012, Mr. Korotki sought Defendants' advice regarding the initiation of bankruptcy proceedings. According to Plaintiffs, Defendants recommended Mr. Korotki and Reserves Resort file petitions for relief under Chapter 11 of the United States Bankruptcy Code.[3] Defendants allegedly assured Mr. Korotki that pursuing this course of action would allow him and Reserves Resort to "retain possession and control of their assets, business and property"[4] and to "continue to prosecute their pending state court litigations."[5] Pursuant to these discussions, Attorney Hiller filed voluntary Chapter 11 petitions in the United States Bankruptcy Court in the District of Delaware on behalf of Mr. Korotki and Reserves Resort on December 10, 2012,[6] and a Joint Plan of Reorganization and Disclosure Statement the following day.[7] Upon later review by the Bankruptcy Court, the cases were converted from Chapter 11 into Chapter 7.[8] As a result, a Chapter 7 Trustee was

---

[2] *Id.* ¶ 1. It appears Plaintiffs' relationship with Attorney Hiller dates back to around 2007. *Id.* ¶ 19 (stating Attorney Hiller represented Plaintiffs in matters related to the Reserves entities while employed by various law firms prior to forming and working under H&A).
[3] *Id.* ¶¶ 1, 98.
[4] *Id.* ¶ 102.
[5] *Id.* ¶ 103.
[6] *Id.* ¶¶ 106, 111 (stating Attorney Hiller was designated counsel of record in the bankruptcy proceedings).
[7] *Id.* ¶ 115.
[8] *Id.* ¶¶ 127-29.

appointed in July 2013 to take possession of "all of the assets forming the bankruptcy estates of Mr. Korotki, including his interest in Management, and Reserves…for liquidation and distribution to creditors."[9]

On December 5, 2014, Plaintiffs commenced legal malpractice proceedings against Defendants in the Philadelphia Court of Common Pleas alleging Defendants failed to properly advise them with respect to the bankruptcy case.[10] Then, on February 19, 2015, H&A filed a Complaint in this Court against Mr. Korotki and Reserves Management for unpaid legal fees and expenses incurred throughout its representation.[11] Because Mr. Korotki was in bankruptcy, there were allegedly concerns H&A's initial demand stood in violation of the Bankruptcy Code's automatic stay provision.[12] As such, on February 24, 2015, the Hiller Defendants sent a letter to Plaintiffs informing them of their intention to file an amended complaint and communicating a settlement offer, the terms of which proposed Plaintiffs accept H&A's fee application, release H&A from

---

[9] *Id.* ¶¶ 128-29. According to Plaintiffs, these events forced them to accept the Trustee's proposed settlement offer which, among other things, resulted in the Trustee abandoning Mr. Korotki's, Reserves's, and Management's malpractice claims against Defendants. *Id.* ¶ 136. The claims for legal malpractice asserted by Mrs. Korotki, Reserves Development, STL, and ST2K were not released in the settlement. *Id.*
[10] *Id.* ¶170.
[11] *Id.* ¶ 171.
[12] *Id.* ¶ 172; Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss Count V, ¶ 1 (referring to 11 U.S.C. § 362).

wrongdoing, and dismiss the litigation against H&A, with prejudice.[13] Plaintiffs refused this offer, and H&A filed its First Amended Complaint the following day.[14] Mr. Korotki and Reserves Management moved to dismiss the First Amended Complaint on March 27, 2015 and, although a hearing was held on August 14, 2015, the Court reserved decision and H&A was granted leave to amend before a ruling was issued. H&A filed its Second Amended Complaint on September 22, 2015 alleging claims for breach of contract, promissory estoppel, *quantum meruit*, and fraud against Reserves Management and Mr. Korotki and seeking recovery of $103,367.71 (plus costs and interest) in allegedly unpaid legal fees and expenses, as well as attorneys' fees and punitive damages.[15] Mr. Korotki and Management again moved to dismiss H&A's claims and a hearing was held before this Court on February 23, 2016. A decision on that Motion has been issued together with this decision.

In the midst of all this, the Hiller Defendants were dismissed from the Pennsylvania malpractice case on jurisdictional grounds on June 17, 2015.[16] Plaintiffs then filed the instant litigation in this Court on July 20, 2015.

---

[13] Pls.' Compl. ¶173. Plaintiffs attached the letter to their brief in opposition to the Hiller Defendants' Motion to Dismiss Count V. Pls.' Opp'n to Defs.' Mot. to Dismiss Count V, Ex. A.
[14] Pls.' Compl. ¶ 174.
[15] H&A Second Am. Compl. ¶¶ 15-51. H&A alleges breach of contract and estoppels against Reserves Management alone, but the fraud and *quantum meruit* claim are asserted against both Reserves Management and Mr. Korotki.
[16] Defs.' Mot. to Dismiss Count V, ¶ 2 n. 1.

Counts I-IV of Plaintiffs' Complaint asserts legal malpractice, negligence, breach of fiduciary duty, and breach of contract against both the Hiller and Schwartz Defendants. In addition, Count V asserts an abuse of process claim against the Hiller Defendants. The Hiller Defendants moved to dismiss Counts II-V and Plaintiffs did not oppose the Motion, except with regard to Count V. The Court granted the Motion with respect to Counts II-IV by oral ruling at a February 24, 2016 hearing,[17] and reserved decision on Count V. This is the Court's decision as to the Hiller Defendants' Motion to Dismiss Plaintiffs' claim for abuse of process.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim.[18] "A complaint will not be dismissed unless plaintiffs would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[19] In reviewing a complaint for purposes of determining a motion to dismiss, the Court will assume the truthfulness of well-pleaded allegations and draw reasonable inferences in favor of the non-moving party.[20] The Court need not,

---

[17] It was a joint hearing, also encompassing the Schwartz Defendants' Motion for Judgment on the Pleadings, which the Court granted as to Counts II-IV.

[18] Super. Ct. Civ. R. 12(b)(6).

[19] *Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. 1983) (citing *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52 (Del. 1970)).

[20] *See Beck v. Brady*, 2004 WL 2154284, at *1 (Del. Supr. Sept. 20, 2004) (citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del.1995) and *Ramunno v. Cawley,* 705 A.2d 1029, 1034 (Del.1998)).

however, blindly accept conclusory allegations unaccompanied by "specific supporting factual allegations."[21]

## DISCUSSION

Unlike malicious prosecution claims, which focus on a party's initiation of the legal process, abuse of process concerns "perversion[s] of the process after it has been issued."[22] To establish a claim of abuse of process, two elements must be present: "1) an ulterior purpose; and 2) a willful act in the use of the process not proper in the regular conduct of the proceedings."[23] While satisfaction of the first element, ulterior purpose, may be "inferred from the fact that the process [was] misused, the reverse is not true; if the act of the prosecutor is in itself regular, his motive, ulterior or otherwise, is immaterial."[24] Rather, there must be a "definite

---

[21] *See, e.g., Grunstein v. Silva,* 2009 WL 4698541, at *5 (Del. Ch. Dec. 8, 2009).

[22] *See Preferred Inv. Servs., Inc. v. T & H Bail Bonds, Inc.,* 2013 WL 3934992, at *23 (Del. Ch. July 24, 2013) (quoting *Pfeiffer v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 7062498, at *5 (Del. Super. Dec. 20, 2011)), *aff'd sub nom,* 108 A.3d 1225 (Del. 2015). *See also Spence v. Spence,* 2012 WL 1495324, at *3 (Del. Super. Apr. 20, 2012) ("Abuse of process is concerned with a perversion of the process after it is issued. However, it is very similar to a claim for malicious prosecution in that both address the same wrong, abusive litigation; and it is only a matter of timing between the two."); *Toll Bros. v. Gen. Acc. Ins. Co.,* 1999 WL 744426, at *6, 8 (Del. Super. Aug. 4, 1999) ("[A]buse of process was created to plug the holes left open by malicious prosecution....Both torts, however, address...abusive litigation. It appears that the only reason they are separate and distinct torts is that abuse of process was created after malicious prosecution was established."), *aff'd,* 765 A.2d 953 (Del. 2000); *Nix,* 466 A.2d at 411 ("With respect to the cause of action for malicious prosecution, such a claim is viewed with disfavor by the Delaware courts, and, therefore, assessed with careful scrutiny.").

[23] *See Pfeiffer,* 2011 WL 7062498, at *5 (quoting *Nix,* 466 A.2d at 411).

[24] *See Stevens v. Indep. Newspapers, Inc.,* 1988 WL 25377, at *8 (Del. Super. Mar. 10, 1988) (citing 1 Am. Jur. 2d, *Abuse of Process* § 4 (1962)).

act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process."[25] As Delaware Courts have made clear:

> Some form of coercion to obtain collateral advantage, not properly involved in the proceeding itself, must be shown, such as obtaining the surrender of property or the payment of money by the use of the process as a threat or club. In other words, a form of extortion is required.[26]

Here, Plaintiffs' Complaint alleges the Hiller Defendants abused the legal process by (1) filing "retaliatory" and "patently frivolous" litigation against Mr. Korotki and Reserves Management and (2) issuing the February 24, 2015 "demand letter."[27] While H&A's case was purportedly motivated by the firm's desire to recover unpaid fees and expenses, Plaintiffs insist the Hiller Defendants' "primary purpose" for filing the action was (1) to interfere with the bankruptcy sale, (2) to "coerce" Plaintiffs to withdraw their "legitimate objections" to the firm's pending fee application in the bankruptcy proceeding, (3) to "extort[] a dismissal of this action," and (4) to "obfuscat[e] their own unlawful conduct."[28] Ultimately,

---

[25] *See Preferred Inv. Servs., Inc.,* 2013 WL 3934992, at *23.

[26] *Id.* ("Merely carrying out the process to its authorized conclusions, even though with bad intentions, will not result in liability."). *See also Stevens,* 1988 WL 25377, at *8 (discussing "[d]ifferent kinds of process [that] have lent themselves to such coercion," including "attachment, execution, garnishment, sequestration proceedings, arrest of the person and criminal prosecution" as well as certain discovery devices such as depositions and interrogatories).

[27] Pls.' Compl. ¶¶ 173-76; Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss Count V, ¶¶ 1-3. As the Court addresses later in the opinion, Plaintiffs have also advanced the argument for the first time in their opposition brief that the Hiller Defendants improperly filed "frivolous amendments" to their Complaint "to prolong the litigation and gain a collateral advantage." Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss Count V, ¶ 2.

[28] Pls.' Compl. ¶¶ 177-78; Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss Count V, ¶ 5.

Plaintiffs contend the Hiller Defendants "misused the legal process" to accomplish "illegitimate ends"[29] in "conscious disregard of [Plaintiffs'] rights" and with an "intent to vex, and injure them to such degree as to constitute malice justifying an award of punitive and exemplary damages."[30] The Hiller Defendants respond that dismissal is warranted because Plaintiffs failed to "plead a willful improper act in the use of the process...aimed at an illegitimate objective."[31]

To the Court, the commonsense answer to this Motion can be found in the underlying basis of the lawsuits between the parties. There appears to be no dispute that the Hiller Defendants performed legal services on Plaintiffs' behalf and they assert they are still owed money for the services they provided. Now Plaintiffs may believe the services were of little or no value and dispute whether they owe any attorneys' fees to the Hiller Defendants, but that does not make H&A's lawsuit retaliatory or an abuse of what appears to the Court to be a legitimate dispute over legal fees. Count V is simply an outgrowth of the parties' contentious relationship and an attempt to raise the stakes of the litigation by inserting punitive damages.

---

[29]Pls.' Compl. ¶ 180. The "illegitimate ends" referred to in the Complaint are the "extort[ion of] a settlement in [the Hiller Defendants'] favor and collect[ion of] monies to which they are not entitled."
[30] *Id.* ¶ 181.
[31]Defs.' Mot. to Dismiss Count V, ¶ 6.

Further, the Court agrees that Plaintiffs cannot sustain a claim for abuse of process based on H&A's *initiation* of its case against Mr. Korotki and Reserves Management. Abuse of process "contemplates some overt act done *in addition to* the initiating of the suit" such that "the *mere filing* or *maintenance* of a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process action."[32] Thus, unlike with a claim for malicious prosecution, Plaintiffs' allegations that the Hiller Defendants commenced the breach of contract litigation, primarily, to achieve some improper purpose or with malicious intent are unavailing.[33]

To the extent Count V can be read to seek redress for anything other than the initiation of H&A's case (aside from the letter, discussed *infra*), Plaintiffs appear to attack the merits of the underlying lawsuit.[34] For example, Plaintiffs characterize H&A's action to recover legal fees and expenses as "patently frivolous" and

---

[32] *See* Am. Jur. 2d, *Abuse of Process* § 11(emphasis added).

[33] *See id. See also Preferred Inv. Servs. Inc.*, 2013 WL 3934992, at *24 ("T&H's additional arguments regarding PISI's intention to drive T & H out of business do not support its claim for abuse of process. Unlike with a claim for malicious prosecution, the fact that PISI allegedly harbored a hope when it initiated this action against T & H that T & H might fail and PISI then could use its name in the cash bail business is not relevant to an abuse of process claim.").

[34] *See Citizens Bank of Penn. v. Exec. Car Buying Servs., Inc.*, 2010 WL 4687922, at *5 (D.N.J. Nov. 10, 2010) ("Even if adequately plead…abuse of process claim…would be dismissed as premature….'By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded.'" (quoting *Access Fin. Lending Corp. v. Keystone State Mortg. Corp.*, 1996 WL 544425 (W.D. Pa. Sept. 4, 1996) (citing *Giordano v. Claudio*, 2010 WL 2034691 (E.D.Pa. May 13, 2010) (dismissing a counterclaim for abuse of process "'refer[ring] only to Giordano's initiation of the lawsuit'…because the court could not 'adjudicate [the] abuse of process claim until the completion of Giordano's lawsuit'"))).

11

devoid of legal or factual basis. Plaintiffs claim the lawsuit is aimed at H&A's "illegitimate" objective of collecting compensation to which the firm is not entitled.[35] Plaintiffs attempt to support this characterization, essentially, by denying the existence of an enforceable obligation on behalf of Mr. Korotki and/or Reserves Management to pay H&A the amounts sought in the pending litigation. These are the very issues in dispute in the pending litigation.[36] Plaintiffs' logic therefore assumes the outcome of H&A's case, which has yet to be decided.[37]

Plaintiffs also argue for the first time in their response brief that the Hiller Defendants' improper conduct extends beyond "merely initiating" the action because they have "dragged out" the litigation "by filing two amended complaints

---

[35] Pls.' Compl. ¶ 179.

[36] *See Larobina v. McDonald*, 876 A.2d 522, 531 (Conn. 2005). At the hearing on the Motion, Defendants raised *Larobina* in support of their position argument. In *Laborina*, the Connecticut Supreme Court discussed certain concerns relevant to its finding that an abuse of process claim was premature:

> Although we do not suggest that success in the first action would be a prerequisite for an abuse of process claim by the plaintiff, it is apparent that the eventual outcome of that action and the evidence presented by the parties therein would be relevant in litigating an abuse of process claim. The plaintiff has not yet established that First Union is not legally entitled to the money that he claims the defendants are attempting to extort from him by their allegedly oppressive litigation tactics, or that First Union has no good faith reason to believe that it is entitled to the money. Those very issues are in dispute in the first action. If this abuse of process claim were allowed, the trial court would be required to litigate the issues twice. Moreover, allowing the claim could subject the courts to a flood of similarly duplicative claims and effectively chill the vigorous representation of clients by their attorneys.

*See id.*

[37] *See id.* Mr. Korotki and Reserves Management did not, in their recent Motion to Dismiss H&A's Second Amended Complaint, move to dismiss H&A's breach of contract claim against them.

(seeking fees that they have no entitlement to)."[38] Plaintiffs contend the amendments were "frivolous" and sought only to prolong the litigation and gain a collateral advantage. Not only does this argument again rely, prematurely, on the assumption that H&A will not be able to prove its pending claims, but it also appears conclusory and without merit.[39] H&A amended its initial complaint to clarify the relief sought with respect to Mr. Korotki in order to eliminate concerns relating to the automatic stay and the opportunity to amend a second time was procured with permission from the Court and sought to add a claim for estoppel and address ambiguities raised by Plaintiffs at the August 2015 hearing. Moreover, Plaintiffs employ the term "collateral advantage" in conclusory fashion and without further elaboration. There is simply no indication the amendments were sought for any other purpose than to increase H&A's likelihood of recovering the fees and expenses to which it believes the firm is entitled.[40]

Finally, regarding the letter extending notice of H&A's intention to file the lawsuit, Hiller Defendants maintain their conduct was "a regular component of the litigation process" and not in any way improper or threatening.[41] The Court agrees.

---

[38] Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss Count V, ¶ 3.

[39] *See Preferred Inv. Servs. Inc.*, 2013 WL 3934992, at *10, 23 (finding only "colorable claim" asserted by plaintiff in abuse of process action was that alleging "falsifying accounting records," to the rejection of claims including "unnecessarily prolonging the litigation").

[40] *See id.* at *26 (rejecting abuse of process claim but allowing attorneys fees, noting "PISI's actions were improper, but they were undertaken to strengthen its case in this litigation, not to gain a collateral advantage").

[41] Defs.' Mot. to Dismiss Count V, ¶ 10.

13

The letter clearly communicates a last-minute settlement offer, a practice both authorized and encouraged by the legal process. Plaintiffs were not amenable to the terms of the offer and refused it, as they were free to do. Thus, despite Plaintiffs' conclusory allegations to the contrary, there was no coercion, force, or extortion here. The Hiller Defendants' Motion to Dismiss Count V is therefore GRANTED.

## CONCLUSION

The Court has attempted, by its decision, to place this matter in the proper context of what is really in dispute among the parties to this litigation. Plaintiffs assert the legal advice they received from Defendants was so deficient as to rise to the level of legal malpractice. Defendants assert they are entitled to legal fees for the work they performed for Plaintiffs. The Court would ask that the parties refrain from trying to gain an advantage in this litigation with further attempts at characterizing this dispute as something more. While the Court appreciates that the parties do not like each other, it expects counsel to divorce themselves from any personal animosity and litigate this matter in a professional manner.

IT IS SO ORDERED.

Judge William C. Carpenter, Jr.

14